IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JEFFREY V. JOHNSON,

        Petitioner

VS.

HUGH SMITH, WARDEN,

        Respondent

**NO. 3:06-CV-70 (CDL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Before the court is the respondent's motion to dismiss the instant petition for failure to exhaust state remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Tab #14. The petitioner responded to the contentions in the respondent's motion in what has been captioned and docketed as a MOTION FOR EXTENSION OF TIME TO FILE.[1] Tab #21.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

---

[1]The purpose of petitioner's Motion for Extension of Time To File is difficult to discern. However, in light of this Recommendation to grant the respondent's Motion to Dismiss, any requests for relief contained in the petitioner's Motion for Extension of Time to File are **DENIED** to the extent that they are not dispositive of this action; alternatively IT IS RECOMMENDED that any requests for relief that would be dispositive of this action be **DENIED**.

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." ***Duckworth v. Serrano***, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." ***Picard v. Connor,*** *supra,* 404 U.S. at 275.

## DISCUSSION

Petitioner Johnson filed his petition in August of 2006, about a year after a jury found him guilty of armed robbery, possession of a knife during the commission of an armed robbery, theft by taking, and criminal trespass. The petitioner, though counsel, filed a motion for new trial in August of 2005, but the transcript was not prepared until after the petitioner initiated the instant action, so the state court has not (as of the filing of the respondent's motion to dismiss on January 4, 2007) ruled on the petitioner's motion.

An inordinate delay in state court proceedings can render the state's corrective process ineffective in cases where the state court has "unreasonably or without explanation failed to address petitions for relief." ***Hollis v. Davis***, 941 F.2d 1471, 1475 (11th Cir. 1991). However, in the case at bar, after being directed to produce an explanation (Tab #24), the state has provided a valid reason for the delay: the trial transcripts were not prepared and the delay in preparation of trial transcripts was not unreasonable.

Because the respondent has demonstrated that any delay in the petitioner's state process has not rendered the state remedy ineffective, IT IS RECOMMENDED that the respondent's Motion to Dismiss be **GRANTED** and that said dismissal be without prejudice to the right of petitioner to refile in this court when he has fully exhausted his state remedies. Furthermore, because this petition is not properly before this court, IT IS RECOMMENDED that the petitioner's Motion for Equitable Judgment (Tab #9) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 4th day of SEPTEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE